If it pleases the court, my name is Terry Dacre. I represent the appellant, who is Robert MacKenzie, the Chapter 7 bankruptcy trustee for the bankruptcy of the Schreiber's. I'd like to reserve five minutes from my time this morning for rebuttal. In the Schreiber's bankruptcy case, the Schreiber's own and reside in a mobile home. Under the laws of the state of Kansas, which is what they're required to look to in this case, because they did not reside in Arizona for more than 730 days before they filed this case, they are eligible for a homestead exemption under Kansas law. The Kansas homestead exemption says that debtors who have a mobile home that is occupied as a residence by the owner are entitled to exempt that asset. Since the Schreiber's are entitled to that exemption and can claim that exemption under Kansas law, they are required then to elect the Kansas exemptions and are not entitled to resort to federal law. But in this case, the Schreiber's elected instead to assert exemptions under federal law using the hanging paragraph that's included in section 522 of the bankruptcy code. Both the bankruptcy court and the Arizona district court agreed that the Schreiber's could do so, finding apparently that there weren't sufficient exemptions or it wasn't fair to allow the Schreiber's to only elect the Kansas exemptions because there are some Kansas exemptions which are limited solely to residents. That's not what the statute says. What the statute says is that the Schreiber's are not entitled to any exemptions, then they're allowed to use federal law. But the record is clear that the Schreiber's do have a mobile home that they reside in, they're entitled to exempt that under Kansas law. And as a result, they are entitled to exemptions, which prevents them from then choosing the federal exemptions. There are also other Kansas personal property exemptions that they can elect. While they may not have assets that fit within those exemptions, they are in fact eligible for those exemptions. Counsel, let me ask you about that last point. It seems to me that the better way to interpret this hanging paragraph is to say that if the debtors are factually able to claim an exemption or eligible, that that's really what the statute means. Let's take a state, let's say there are 14 available exemptions, but factually the debt debtors only qualify for 10 of them. Is it your argument that they would have to qualify for all 14 regardless whether they do factually? One is for firefighters and they're not firefighters. Not all 14, but they would only have to qualify for one of them. And it's not a matter of what assets that you have. I mean, I raised this hypothetical in my opening brief. Let's assume that you have an Arizona debtor who only has a speedboat. Well, there is no exemption in Arizona for a speedboat. And so if you apply that analysis to the word any, then that debtor is entitled to claim the federal exemptions because he doesn't have any assets that fit within the Arizona exemption scheme. But that's not what the statute was intended to do. What the statute was intended to do was to prevent debtors from being precluded from claiming exemptions. Well, the way to get around that would simply be to say it's not a result of his not owning the speedboat. It's that the inability to claim it is not as a result of subparagraph A. Well, but again, the subparagraph provides the option to a debtor who isn't entitled to any exemptions. And so the ability to exercise that right then is determined by the assets that the debtor owns. And that's not what Congress was looking to accomplish by adding the so-called hanging paragraph. What Congress was looking to accomplish was to cover those situations where state law said, hey, note that the debtor coming into this court can't claim any of these exemptions, not whether or not the debtor had assets that fit, but whether or not the debtor was eligible for exemptions under the state's law. And so if you read the statute as dependent upon the exemptions, again, what you wind up with is a situation where debtors can manipulate their eligibility for exemptions. I can go out and purchase an asset that fits within Kansas exemptions because I want to be able to claim Kansas exemptions. And again, Congress was trying to stop this ability to manipulate exemptions by moving from state to state. But what you're doing is then turning around and handing that ability to manipulate back to the debtor again. Would the trustee have the ability to persuade the bankruptcy court that that is what happened and the bankruptcy court then reject that reliance? No, I don't think so. Again, what the Supreme Court tells us is read the plain language of the statute. You get back to cases where fraud has been committed in obtaining exemptions and the court says, well, we're sorry, you're still entitled to the exemption. So I don't think the bankruptcy court has that discretion. Counsel, can you hear me? Yes, ma'am. Oh, excellent. Some courts have recognized what I would refer to as a flexible interpretation of the hanging paragraph that is dealt with exemption by exemption. So, for example, if a debtor can't take advantage of, as a factual matter, a particular exemption, let's say the firefighter exemption, then they can claim a federal equivalent of that same exemption if there is one. Why isn't that a permissible reading of this ambiguous paragraph? Well, it's an interesting approach, Your Honor. But again, it implicates all sorts of things. I mean, for example, when you say that the debtor is not, let's take the federal wildcard, for example. We don't have a wildcard in Arizona. And so would these debtors then be allowed to use a wildcard because there, A, is no Arizona wildcard, and B, there's no Kansas wildcard. So you have this federal exemption that's out there. So now can we turn to a federal wildcard because they're not entitled to one either under Arizona law or under Kansas law. And again, it begs the question, if you're looking at Kansas law, do you go through all the Kansas exemptions and then equate those to the federal exemptions? Or do you go through Arizona law, which is where they are now, and equate those to the federal exemption? So again, you've really legislated by taking that approach. And I appreciate what some of the judges, a couple of courts, have done by going there. But again, I think it's legislation. I don't think it's applying the statute as written. Counsel, I have a question about the homestead exemption. Should that apply extraterritorially or not? Absolutely. There is nothing in that statute that limits the exemption to someone who resides in Kansas. It says they have to reside in the mobile home, which is exactly Judge Wansley's ruling in Weaver. She allowed an Arizona debtor to claim an exemption in property in Hawaii because they, A, resided in the property in Hawaii, but they were domiciled in Arizona. And there's nothing in the Kansas statute that says you have to reside in Kansas. You only have to reside in the mobile home. And the determination of where you have to file is affected by your domicile. And domicile and residence are two different things under the law. You have just under two minutes reserved time if you want to reserve. I'll reserve that. Thank you, Your Honor. You may do so. Counsel for the appellees? I'm sorry, Counsel. We see your lips moving, but we can't hear you. Okay. Can you hear me now? Yes, we can. Good morning, and may it please the Court. Kenneth Neely on behalf of the debtors in the underlying bankruptcy case and the appellees here. The appellee's position is that this court should hold that every debtor is entitled to at least one complete set of exemptions, whether state or federal. Prior to the 2005 passage of the Bankruptcy Abuse Prevention and Consumer Protection Act, BAPSIPA, a debtor could relocate to a state with favorable exemptions, file bankruptcy immediately, and utilize that state's favorable exemptions. This is the ill that Congress was looking to cure. It became known as the mansion loophole, and it got a lot of attention when Enron executives protected homes in states that had unlimited homestead exemptions while facing the prospect of personal bankruptcy. I believe the trustee misstates the intention of Section 522B. I think it was merely to stop this mansion loophole or this millionaire's loophole from being utilized. Understandably, Congress, wanting to close this loophole, created the protections that are now found in Section 522B. The problem comes, in this case, with the unnumbered paragraph at the end of 522B3, where Congress, recognizing that some states might opt out of the federal exemptions but might also limit their exemptions to residents of the state, created what is now referred to as the savings provision. However, as former bankruptcy judge of 34 years and current editor and author of several of the most respected bankruptcy treatises, Keith London has said, quote, the drafters couldn't have picked any more ambiguous words to describe the undoing of a quarter century of bankruptcy law. Any can mean one or some or every, depending on context, end quote. And so we're here where the trustee contends that any means every, such that the debtor can only claim as exempt property under 522D, the federal exemptions, if the debtor is ineligible for every single exemption under 522B3. What's your position if we interpret that to mean eligible for all factually rather than theoretically? So if there are 14 exemptions and your clients are eligible for 10? Yeah. So that's how most courts, that's the majority view. Most courts have gone through a process of parsing language and looked at eligibility, looked at that word eligible, and have determined if, including the bankruptcy court and the district court in this case. And while I agree with that result, I am happy that that's how those courts held. I believe that this court could go one step further and remove the ambiguity in entirely and hold that the hanging paragraph means that if a debtor is restricted from claiming a full set of exemptions, which is the case here because Kansas specifically limits the personal property exemptions by statute to residents, that the debtors be permitted to utilize the savings clause. I believe that this is a question of, from my research, a question of first impression for the Ninth Circuit and possibly a question of first impression for any circuit court of appeals. So in interpreting the statute and looking to guidance from the United States Supreme Court in expounding, I'll quote the Supreme Court from Offshore Logistics v. Tallentire, a 1986 case. In expounding a statute, we must not be guided by a single sentence or member of a sentence, but look to the provisions of the whole law and to its object and policy. Counsel, can I ask you a question factually? Are there any Kansas exemptions that your clients are entitled to? In this case, our argument is that there are no exemptions to which my clients are entitled. And I take it with respect to the Homestead exemption, you are agreeing with the Ginther decision that cites the old Kansas Supreme Court cases saying that our laws do not apply extraterritorially. That's what I would say. Correct. Do not apply to residents who live outside of the state nor to property outside of the state. There are a couple of cases that hold that so hold. And in interpreting 522 and whether exemptions are available, courts have held that you look to state law to determine if that state allows its exemptions to be used by non-residents. In this case, we believe no exemptions are available. But even if this court were to find that the Homestead exemption is available as the trustee contends, nevertheless, all the personal property exemptions are not available, thus leaving clients potentially without transportation, without clothing, without books, without food storage, without their pets, without their home electronics. All things that nearly every state and the federal exemptions protect to further the policy and the object of bankruptcy law. As this court held in 2002, 522 should be interpreted liberally to allow debtors to facilitate that fresh start. What's your response to opposing counsel's contention that the debtor can manipulate the availability of exemptions through purchases, etc.? This was certainly the case prior to BAPSIPA, right, where a debtor could immediately use the state's exemptions. However, this would be a very difficult, costly, and impractical approach for a debtor to say. And it relies on a finding by this court of this sort of factual eligibility, right? If the court were to adopt a Pelley's proposed interpretation, it would not be an issue. But if the court were to adopt an eligibility question, a factually eligible question, then could it be done? I suppose it could. Bankruptcy exemptions for personal property, it would be a personal property largely, as far as I can kind of hypothesize, a personal property type of purchase or personal property type of disposal of personal property to change that eligibility. Most states exemptions and the federal exemptions are similar enough that it simply wouldn't make practical sense for a debtor, nor would it frustrate the purposes of bankruptcy because there would still be a set of exemptions, which is all a Pelley's argue for a complete set of exemptions. One would apply, one set, whether that would be federal, the state, the applicable state, the present state, there would be a complete set of exemptions, which is all a Pelley's seek in this case. So back to extraterritoriality for the Homestead exemption. Burlington and Holcomb certainly point in the direction that extraterritoriality would exclude exemptions, but you've got some state statutes like 60-2309 having to do with wages. But that expressly says wages earned out of the state and payable out of the state shall be exempt from attachment of garnishment and so forth. Are the state cases that are mentioned and the statutes in sync on this, or is this something that we might need some clarification from the Kansas state court to tell us a little bit more about the Homestead exemption, especially since the Homestead exemption is part of their constitution? Yeah, and your honor, I think raises the point that to me, the issue I see is it is a confusing issue. It could arguably there are a few obscure exemptions that apply, and the same argument could be made no matter what the applicable state is. And so any debtor moving and any peripatetic debtor that moves into a state and has to file bankruptcy within two years now faces the prospect of this confusing question. Well, what's all the case law from my applicable state? What do all the statutes say? Is there a single statute that would allow me to exempt, say, wages as your honor raised? If so, well, maybe I have to use that one sole exemption and have no other exemptions. And of course, the trustees will make that argument because the trustees objective is to collect as much liquidate as much from the estate as possible. And it frustrates the purpose of a fresh start where the appellees asserted interpretation of the statute, finding that if a state explicitly through statute or through case law excludes residents from using its exemptions, either personal property or homestead or a large chunk of personal property exemptions, any exemptions. If they become ineligible for any of those exemptions, then they are then eligible and allowed and permitted to claim the federal exemptions under Section 522D. This is the interpretation that the American Bankruptcy Institute proposes in its recommendations to Congress. It proposed a statutory change to clarify the ambiguity. But then it went on to say the Commission on Consumer Bankruptcy Reform. It went on to say if courts need to interpret the hanging paragraph, we recommend that they interpret it to mean that if the debtor is ineligible for any particular exemption, that the debtor be allowed to claim the exemptions under Section 522 to allow the debtor. And this is to conclude one complete set of exemptions. And that's all the appellees asked for here. Thank you, counsel. You ended right on your time limit. Thank you. Mr. Dake, you have a few minutes to reserve time. Thank you, Your Honor. Let's go back to that last point. Mr. Neely argues that the debtor should be entitled to a full set of exemptions. Well, let's go back to the firefighter example. Under Kansas law, if you're entitled to claim a firefighter exemption, Mr. Neely's clients aren't eligible for that because they're not firefighters. So now they can claim the federal exemptions. Same problem with extraterritoriality, or ET as I prefer to call it because I can't say that word very well. You can find, as I pointed out in my brief, just about every state has a decision that says either some other state's laws don't apply here or our state laws don't apply somewhere else. We all recognize the canon on ET. Well, if you do that, if you recognize and apply that canon, then we can forget about the hanging paragraph because Mr. Neely's clients can never go to another state and claim another state's exemptions. No debtor can because the ET canon will prevent it. So Congress might just as well have not put the hanging paragraph in the statute. This, at the end of the day, is a congressional issue. It's not a legal, it's not an issue that this court can really resolve. What the Supreme Court can... There are choices if that's the case. I'm sorry, I didn't hear you. If you say that this court can't resolve this issue, then what do we do? Well, what I mean is the court can't resolve this question the way the debtors want it resolved. What this court can and has to do, because it's what the Supreme Court keeps telling us to do, is read the statute and apply the statute that's there. The debtors don't like the way this comes out. And there are times when it can have difficult results. But it's not up to the court to fix that. It's up to Congress to fix that. And what Congress said is, if you're not entitled to any exemptions, then you can use the federal. And the fact of the matter is, is in this case, these debtors are entitled to an exemption. They're entitled to a homestead exemption. And there are other personal property exemptions that they are entitled to. There are some that they are clearly not, because the Kansas statute says you have to be a resident. And I'm not going to argue otherwise. But there are exemptions that they could use if they had assets. And again, this is a congressional problem to fix. It's not a judicial problem to fix. And as Judge Graber pointed out, there are some judges who are trying to fix it judicially. And you can't do that. Sometimes you've got to just put the ball back in Congress's lap and say, hey, guys, fix this. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision. And we will hear argument next.
judges: O'SCANNLAIN, GRABER, Fitzwater